THOMAS J. MALLON, ESQ.
Attorney-at-Law
86 Court Street
Freehold, NJ 07728
(732) 780-0230
Attorney for Plaintiff Melvin Love

| | |
|---|---|
| **MELVIN LOVE,** | UNITED STATES DISTRICT COURT |
| | DISTRICT COURT OF NEW JERSEY |
| Plaintiff, | TRENTON |
| vs. | Civil Action No.: |
| **FREEHOLD BOROUGH, CHRISTOPHER COLANEAR, CHRISTOPHER OTLOWSKI, JOHN DOES 1-10,** Freehold Borough Police Officers, and **JOHN DOES 11-15** Personnel of the Freehold Borough Police Department in supervisory capacities, | **Civil Action** |
| | **COMPLAINT** |
| Defendants. | |

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. Section 1983 and in accordance with the Fourth and Fourteenth Amendments of the Constitution of the United States of America. Jurisdiction is conferred under 28 U.S.C. Section 1331 and Section 1343(3).

## PARTIES

2. Plaintiff Melvin Love, residing at 105 Center Street, Freehold, New Jersey 07728, County of Monmouth, is and was, at all times herein relevant, a citizen of the United States and a resident of the State of New Jersey.

3. Defendants Christopher Colanear, Christopher Otlowski and/or John Does 1-10 were at all times  mentioned herein duly appointed and acting police officers of the Freehold Borough

Police Department and at all times herein were acting in such capacities as the agents, servants and/or employees of the Freehold Borough of and were acting under the color of law.

4. Defendants John Does 11-15 were at all times mentioned herein duly appointed and acting members of the Freehold Borough Police Department at all times herein were acting in such capacities as the agents, servants and/or employees of the Borough of and were acting under the color of law.

5. Defendants John Doe 3 and/or John Does 11-15 were acting in supervisory capacities over Defendants Colanear, Otlowski, John Does 1-10 and responsible by law for the training, supervision and conduct of Defendants John Does 1-10.

6. Defendant Freehold Borough is a duly designated municipality of the state of New Jersey under the laws of the state of New Jersey.

7. At all times relevant hereto, Defendant Freehold Borough employed the aforementioned Defendants. As such, it was responsible for the training, supervision and conduct of Defendants Christopher Colanear, Christopher Otlowski and/or John Does 1-15.

## FACTUAL ALLEGATIONS

8. On 6/6/07, Plaintiff Melvin Love was outside of his mother's home, Ruth Jackson, talking to two of his friends.

9. Defendants Colanear, Otlowski and/or John Does 1-5 drove by the premises and taunted Plaintiff.

10. Plaintiff responded to Defendants' taunts by gesturing to them with his middle finger.

11. Shortly thereafter, Defendants Colanear, Otlowski and/or John Does 1-5 returned to the premises with John Does 6-10 in two additional police cars.

12. Defendants Colanear, Otlowski and/or John Does 1-10 approached Plaintiff, said "You want to give us the finger," then grabbed him, threw him through a fence and maced him.

13. Plaintiff was arrested and brought to police headquarters, where he was charged with Disorderly Conduct, Resisting Arrest and Possession of CDS, and released.

## EXCESSIVE FORCE
## COUNT ONE

14. The previous paragraphs are incorporated herein inclusively as if fully set forth.

15. As a direct and proximate result of the above-referenced unlawful and malicious physical abuse of Plaintiff by Defendants Colanear, Otlowski and/or John Does 1-10 committed under color of state law, Plaintiff sustained bodily harm and was deprived of his rights to be secure in his person against unreasonable seizure of his person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and U.S.C. Section 1983.

16. As a direct and proximate cause of the malicious and outrageous conduct of Defendants as set forth above, Plaintiff suffered bodily injuries, damages in the form of lost wages and medical expenses and will suffer additional special damages in the future in an amount which cannot yet be determined.

17. By reason of the above Plaintiff was injured, suffered great mental anguish and was deprived of his constitutional rights as described above.

**WHEREFORE,** Plaintiff Melvin Love demands judgment against Defendants Colanear, Otlowski and/or John Does 1-10 on this Count together with punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## MALICIOUS ABUSE OF PROCESS
### COUNT TWO

18. The previous paragraphs are incorporated herein inclusively as if fully set forth.

19. Defendants Colanear, Otlowski and/or John Does 1-10 maliciously used a "legal process" to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.

20. Defendants Colanear, Otlowski and/or John Does 1-10 made false statements of fact; intentionally, recklessly, and/or negligently misrepresented the facts of their encounter with Plaintiff and his subsequent arrest and detention; falsified police and/or other official records, and mishandled and/or withheld evidence to initiate and/or instigate a criminal prosecution of Plaintiff.

21. Defendants Colanear, Otlowski and/or John Does 1-10 knew that the complaints initiated were groundless and made misrepresentations to gain advantage over Plaintiff's certain constitutional claims and/or to protect their interest in their employment and/or to protect themselves from criminal prosecution and civil liability.

22. As a direct and proximate result of the acts of Defendants Colanear, Otlowski and/or John Does 1-10 as set forth herein, Plaintiff suffered physical injury, lost wages, medical expenses, and mental anguish in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff Melvin Love demands judgment against Defendants Colanear, Otlowski and/or John Does 1-10, on this Count together with punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and

just.

## UNLAWFUL CUSTOM, PRACTICE, POLICY/ INADEQUATE TRAINING

## COUNT THREE

23. The previous paragraphs are incorporated herein inclusively as if fully set forth.

24. Defendants Freehold Borough's Police Department and/or John Does 11-15, are vested by state law with the authority to make policy on the use of force, effectuating arrests and police citizen encounters.

25. At all times mentioned herein, Defendants Colanear, Otlowski and/or John Does 1-10, as police officers, agents, servants and/or employees of Defendant Borough were acting under the direction and control of Defendant Borough's Police Department and/or John Does 11-15, and were acting pursuant to the official policy, practice or custom of Borough's Police Department.

26. Acting under color of law pursuant to official policy, practice, or custom, Defendants Freehold Borough and/or John Does 11-15 intentionally, knowingly, recklessly and/or with deliberate indifference failed to train, instruct, supervise, control, and discipline, on a continuing basis, Defendants Colanear, Otlowski and/or John Does 1-10 in their duties to refrain from:(1) unlawfully and maliciously assaulting, arresting and harassing citizens; (2) intentionally, recklessly and/or negligently misrepresenting the facts of arrests and/or other police-citizen encounters; (3) falsifying police and/or other official records; (4) withholding and/or mishandling evidence; (5) making false arrests, and/or (6) using unreasonable and excessive force.

27. Defendants Freehold Borough and/or John Does 11-15 were aware of numerous similar police citizen encounters involving Defendants Colanear, Otlowski and/or John Does 1-10 and/or other Freehold Borough Police Officers whereby they customarily and frequently subjected citizens held in custody to physical and mental abuse; unlawfully and maliciously

assaulted, arrested and harassed citizens; intentionally, recklessly and/or negligently misrepresented the facts of arrests and/or other police-citizen encounters; falsified police and/or other official records; made false arrests, mishandled and/or withheld evidence and/or used unreasonable and excessive force on citizen/arrestees.

28. Despite their awareness, Defendants Freehold Borough and/or John Does 11-15 failed to employ any type of corrective or disciplinary measures against Defendants Colanear, Otlowski and/or John Does 1-10 and/or other Freehold Borough Police Officers.

29. Defendants Freehold Borough and/or John Does 11-15 had knowledge of, or, had they diligently exercised their duties to instruct, train, supervise, control, and discipline Defendants Colanear, Otlowski and/or John Does 1-10 on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed.

30. Defendants Freehold Borough and/or John Does 11-15 had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, recklessly and/or with deliberate indifference failed to do so.

31. Defendants Freehold Borough and/or John Does 11-15, directly or indirectly, under color of state law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants Colanear, Otlowski and/or John Does 1-10 heretofore described.

32. As a direct and proximate result of the acts of Defendants Freehold Borough and/or John Does 11-15 as set forth herein, Plaintiff suffered physical injury, lost wages, medical expenses, and mental anguish in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff Melvin Love demands judgment against Defendants Freehold

Borough and/or John Does 11-15, on this Count together with attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## SUPERVISORY LIABILITY
## COUNT FOUR

33. The previous paragraphs are incorporated herein inclusively as if fully set forth.

34. Defendants John Doe 3 and/or John Does 11-15 were supervisory officials and/or officers in charge at the time Plaintiff was arrested and assaulted.

35. Defendants John Does 3 and/or John Does 11-15 had a duty to prevent subordinate officers Defendants Colanear, Otlowski and/or John Does 1-10 from violating the constitutional rights of citizens and/or detainees.

36. Defendants John Doe 3 and/or John Does 11-15 either directed Defendants Colanear and/or Otlowski and/or John Does 1-10 to violate Plaintiff's constitutional rights or had knowledge of and acquiesced in his/their subordinates violations.

37. As a direct and proximate result of the acts of Defendants John Doe 3 and/or John Does 11-15 as set forth herein, Plaintiff suffered physical injury, medical expenses, lost wages and mental anguish in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff Melvin Love demands judgment against Defendants John Doe 3 and/or John Does 11-15 on this Count together with punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury as to all issues.

**DESIGNATION OF TRIAL COUNSEL**

Please be advised that Thomas J. Mallon, Esquire is hereby designated trial counsel in the above captioned matter.

Dated: February 11, 2008                    /s/ **Thomas J. Mallon, Esquire**

**THOMAS J. MALLON, ESQUIRE**