Joseph M. Morris III, Esq.
McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4079
(973) 622-7711
Attorneys for Defendants,
Freehold Borough, Christopher Colanear and Christopher Otlowski

RECEIVED
JAN 12 2009
AT 8:30
WILLIAM T. WALSH
CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELVIN LOVE,<br><br>   Plaintiff,<br>v.<br>FREEHOLD BOROUGH, CHRISTOPHER COLANEAR, CHRISTOPHER OTLOWSKI, JOHN DOES 1-10, FREEHOLD BOROUGH POLICE OFFICERS, AND JOHN DOES 11-15 PERSONNEL OF THE FREEHOLD BOROUGH POLICE DEPARTMENT IN SUPERVISORY CAPACITIES,<br>   Defendants. | Civil Action No. 08-749(FLW)<br><br><br><br><br><br>**CONFIDENTIALITY/PROTECTIVE ORDER BY CONSENT** |

Defendants, Freehold Borough, Christopher Colanear and Christopher Otlowski (collectively referred to as "defendants"), by and through their counsel McElroy, Deutsch, Mulvaney & Carpenter, LLP, on notice to plaintiff, Melvin Love, by and through his counsel, Thomas J. Mallon, Esq. consent to the entry of this Confidentiality/Protective Order and hereby stipulate and agree that discovery in this matter may implicate highly confidential information. Therefore, to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidential material, adequately protect material entitled to be kept confidential, and to ensure that protection is afforded only to material so entitled; and the parties having consented to the form and entry of this Consent Order, (hereinafter "Confidentiality Order") and for good cause having been shown;

IT IS on this 23 Day of December, 2008,

**ORDERED** as follows:

1. All information and/or documents produced from the Internal Affairs Files and Employment Files of the Freehold Borough Police Department or other discovery that is designated by the attorneys for defendants as confidential shall be deemed "Confidential Information". All Confidential Information shall be subject to this Confidentiality Order.

2. For purposes of this Order, the word "document" shall include written, typed or printed materials regarding test results of any kind, sound recordings, transcripts, videotapes, photographs, and any media for preserving, duplicating, or recording written or spoken communications.

3. If plaintiff's counsel disagrees with the designation of any discovery deemed Confidential Information by defendants, that disagreement shall be conveyed to defendants. If the parties cannot reach an agreement on the disputed designation, that dispute shall be submitted to the Court for resolution.

4. Disclosure of and access to Confidential Information by plaintiff's counsel shall be limited to the Court and its personnel, the plaintiff, paralegals and secretarial and other staff employed by plaintiff's Counsel, plaintiffs' experts and consultants, (including attorney consultants), mediators, deponents at the time of depositions, jurors, and court reporters and videographers.

5.

(a.) All Confidential Information produced in this litigation shall be used only for purposes of this litigation.

(b.) With respect to all Confidential Information subject to the provisions of this Confidentiality Order, counsel shall not, directly or indirectly, use, disclose or disseminate, or

attempt to use, disclose or disseminate, any of the said documents or information except as provided in Paragraphs 5(c) and (e) below.

(c.)   Confidential Information subject to this Confidentiality Order shall not be included in pleadings, motions, briefs or depositions except if filed with the Court under seal, *pursuant to L. Civ. R. 5.3(c).*

(d.)   Confidential Information may be used as exhibits or otherwise during depositions taken in this proceeding, provided that the only persons present at such depositions when the Confidential Information is used are those persons referred to in Paragraph 4 who are authorized to have access to the Confidential Information. Whenever Confidential Information is discussed in a deposition, defendants' counsel, may, at the time of the deposition or within 15 days following receipt of a copy of the transcript from the reporter, designate by page and line those portions of the transcript as Confidential Information. Thereafter, disclosure of that part of the transcript designated as Confidential Information shall be restricted to the witness, counsel, the Court and other persons authorized by this Confidentiality Order that deposition exhibits and the transcript of testimony regarding the same have been designated as Confidential Information shall be filed under seal, if and when filed, and be subject to the provisions of this Confidentiality Order.

(e.)   No Person granted access to Confidential Information covered by the provisions of this Confidentiality Order shall make any copies, reproductions or facsimiles of any kind or any portion thereof or prepare any partial or full summary or any alternate version thereof, except for such use as is permitted in Paragraphs 5(c) and 3(d) above. However, plaintiff's counsel may make copies of such Confidential Information for the persons referred to in Paragraph 4 hereof, provided that those persons, pursuant to Paragraph 7, provide written confirmation that they will abide by the terms of this Confidentiality Order.

6. The provisions of this Confidentiality Order shall apply equally to all documents produced prior to the entry of this Order to the extent that documents or information are subsequently identified as Confidential Information by defendants.

7. Prior to disclosure of Confidential Information, counsel shall:

(a) Provide a copy of this Confidentiality Order to each and every person to whom a disclosure is made; (b) Request that such person read the provisions of the Confidentiality Order; (c) advise such person of the restraint imposed upon him or her as set forth in Paragraph 4 of this Confidentiality Order; (d) request that such person execute written confirmation that they will abide by the terms of this Order (e) retain a copy of the writing required in (d); and (f) provide a copy of such written confirmation to counsel for defendants within ten days of receipt by plaintiffs' counsel.

8. All Confidential Information subject to the terms of this Confidentiality Order shall, when not in use or in transit to or from approved and permitted uses, be stored exclusively in the offices of plaintiff's counsel. However, the persons referred to in Paragraph 4 who may have been provided by plaintiff's counsel with any copies of said Confidential Information may retain those copies until the conclusion of this litigation, at which time those persons shall return the copies to the counsel from whom they received the copies.

9. This Confidentiality Order is without prejudice to plaintiff's right to move before the Court for an Order to free any documents and information from the above restrictions upon a showing of good cause (after first having made a good faith attempt to obtain such relief from the other party).

10. This Confidentiality Order shall not prevent any party from applying to the Court for relief there from or from applying to the Court for further or additional protective orders, or

from the parties agreeing to a modification of this Confidentiality Order, subject to the approval of the Court. Nothing in this Confidentiality Order shall be deemed to limit a party's right to oppose discovery on any other ground.

11. The method for handling Confidential Information at the trial of this matter shall be resolved between the parties after they have determined which, if any, Confidential Information they wish to present or use at trial. Any party may apply to the Court for appropriate relief should agreement not be reached. *Any motion to Seal Must be Made pursuant to L.Civ.R. 5.3(c).*

12. Upon termination of this litigation, or sooner if so ordered by this Court, plaintiff's counsel shall collect all Confidential Information, any and all copies of the documents subject to this Confidentiality Order and any summaries of the Confidential Information from all persons having access to the Confidential Documents and within fourteen (14) days deliver same to counsel for defendants.

13. Subsequent to the conclusion of this litigation, all persons who were authorized to have access to the Confidential Information during the course of litigation shall not discuss or otherwise disclose any of the information contained therein to any third parties under any circumstance and shall immediately notify the Township Attorney for the Borough of Freehold as to any Subpoena and or application to any agency and or Court of competent jurisdiction which subpoena or application seeks the disclosure of any Confidential Documents.

14. The provisions of this Protective Order shall remain in full force and effect following conclusion of this case unless or until modified or vacated by the Court or upon the written consent of counsel for all parties.

15. A copy of this Order shall be served on all parties within 7days of receipt hereof.

hereof.

_____

We hereby consent to the form and entry of the within Confidentiality Order.

| *[signature]* | *[signature]* Joseph M. Morris III |
|---|---|
| Thomas J. Mallon, Esq.<br>86 Court Street<br>Freehold, New Jersey 07728<br>Attorneys for Plaintiff | Joseph M. Morris III, Esq.<br>McElroy, Deutsch, Mulvaney<br>& Carpenter, LLP<br>Three Gateway Center<br>100 Mulberry Street<br>Newark, NJ 07102-4079<br>Attorneys for Defendants |
| Dated: 12-17-08 | Dated: 12\19\08 |

So Ordered this 23 day
of December, 2008

*[signature]*